### J. W. Taylor v. The State.

No. 2654. Decided April 13, 1904.

**1.—Charge of the Court—Aggravated Assault—Dangerous Weapon.**

Where the evidence did not show the use of any dangerous weapon or the semblance thereof in an angry and threatening manner, it was error to charge the law applicable to such state of facts.

**2.—Same—Public Commons—Possession.**

It was not error to refuse a charge that if the prosecutrix only had constructive possession of her land and had removed the fence around it and turned it out on the public commons, that she could not interfere with defendant's use of it in staking his mule upon it; as she had the right to defend her property fenced or unfenced.

**3.—Same—Provoking Difficulty.**

The court did not err in charging on the law of provoking the difficulty, where the evidence presented that issue.

**4.—Evidence—Res Gestae.**

The statements and conduct exhibiting pain and excitement of the injured party occurring five or six minutes after the alleged assault upon her are res gestæ and admissible in evidence.

**5.—Same—Hearsay.**

Where the husband of the prosecutrix testified that he did not know of his own knowledge where the tree is situated to which defendant is said to have tied his mule, but based his statement upon what others had told him since the trial, his testimony should have been excluded, on the trial of defendant for assaulting prosecutrix for interfering with his tying his mule to a tree which stood on land about the ownership of which there was conflict of evidence.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*Taylor & Gallagher,* for appellant.—If it was uninclosed land, not in the actual possession of the prosecutrix, she had no right to use violence on appellant to prevent its use by him for grazing purposes. White's P. C., art. 680, sec. 1170; Id., art. 593, clauses 4–6; Liley v. State, 20 Texas Crim. App., 1; Howell v. State, 57 S. W. Rep., 835.

On question of Miss New's testimony: White's C. C. P., 1085. On question of defendant's lawful possession of property and right to defend: Miles v. State, 14 Texas Crim. App., 442; White's Crim. Proc., sec. 1095.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $50 and thirty days' confinement in the county jail.

Appellant objects to the following portion of the court's charge: "But the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner with intent to alarm another and under circumstances calculated to effect that object comes within the meaning of an assault." As appellant insists, there is no evidence in this record authorizing this charge. The testimony of prosecutrix is that she owned a tract of land, and the defendant persisted in tying a mule to a certain tree to graze. She untied the mule one or more times, and sent word to defendant to desist from placing the mule upon the land to graze; that she wanted the grass for her cows. Defendant brought the mule back and tied him to the same tree again, and she made an effort to untie the rope and again release the mule, and defendant interfered and knocked and beat her severely. Defendant's testimony shows this to be untrue. He says that he tied the mule to a tree that was in the street and not upon prosecutrix's land; that prosecutrix attempted to release the mule and the mule became frightened, ran around the tree and tripped appellant and prosecutrix, and ran over prosecutrix and hurt her. This statement was made by him, and testified by other witnesses. There is nothing in this statement or in the record showing the use of any dangerous weapon or the semblance thereof in an angry and threatening manner. This charge should not have been given.

Appellant requested the following charge: "Before prosecuting witness, Mrs. Radney, can justify an interference with defendant or with his staking said mule to the tree as testified before you in evidence, the State must show that the same was done in preventing or interrupting an intrusion upon property lawfully in her possession or under her control. Such possession, in order to authorize an interference on her part, must be of corporeal property and not of a mere right, and the possession must be actual and not merely constructive. Now, if you believe from the evidence that the complaining witness, Mrs. Radney, and her mother, owned the property upon which said tree was situated, but you further believe that they removed all fences therefrom, and turned the same out on the public commons, and that said state of affairs had existed for some time, then you are charged that the said witness, Mrs. Radney, did not have actual possession of said property, but only constructive possession thereof, and that such possession could not justify any interference by her with defendant in staking his said mule to said tree upon the same." There was no error in the refusal of the court to give said charge. If the land in question was the property of prosecutrix, whether fenced or not, she had a right under the statute authorizing the defense of property to use whatever force was necessary to protect her property from the intrusion or trespass upon the same by any one. The court in this connection should have defined the prosecutrix's right

to defend her property under the statute, but it was not required to give the charge requested.

Appellant also insists that the court erred in charging the law of provoking the difficulty. If the evidence for the prosecutrix be true this question was in the case, and the statute should have been charged.

Bill of exceptions number 6 insists that the court erred in permitting the introduction of the testimony of Miss New, who testified to a statement made by Mrs. Radney (prosecutrix) to her within five minutes after the alleged difficulty, in which she told said witness the circumstances of the same. At the time of doing so she was excited and crying, and the bill shows that the same was res gestæ. The bill also shows that she was very much excited and suffering pain at the time.

The seventh bill complains that the court permitted W. L. Radney, the husband of prosecutrix, to testify: "I don't know of my own knowledge where the tree is situated to which defendant is said to have staked his mule. I only know this tree from what another person informed me, since the trial. This tree is not situated in North Tenth street. It is some distance on Mrs. Radney's land, off the street." The introduction of this testimony was error. The husband of prosecutrix, if he had known where the tree was, or if Mrs. Radney or any other witness who knew the fact where the difficulty occurred had pointed out the tree and this witness knew that that tree was on prosecutrix's land, could have testified to it. But he can not be permitted to testify that he knew the tree was on the land from what another person informed him since the difficulty. This would be hearsay. This was prejudicial error, in view of the fact that it goes to the very gist of the defendant's defense. His insistence is that the tree where the difficulty occurred and where he had the mule tied was not on prosecutrix's land at all. If it was not, then she would have no right whatever to interfere with his tying the mule to the tree.

There are many other errors assigned, but as they are not likely to occur on another trial, we do not deem it necessary to review them.

For the errors discussed, the judgment is reversed and the cause remanded.                              *Reversed and remanded.*